UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CR-60322-COHN

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

RAOUL WEIL,

       Defendant
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The government asks this Court to subject more than four million pages of undifferentiated discovery to a blanket protective order based on the government's assertion that "[a]lmost all" the discovery it has provided is "highly sensitive." The arguably sensitive information within the discovery, however, is contained within readily identifiable tranches of the government's production. The remainder either contains no sensitive information or is part of the public record.

The government also asks that the Court require the Defense to instruct prospective Defense witnesses, many of whom do not reside in the United States, that they may be subject to a contempt order by this Court if they disclose "any information contained in the government's discovery." The government has pointed to no legal authority to support its proposed instruction. In response to Mr. Weil's well-founded fear that such an instruction will impede his ability to defend himself by chilling prospective

Defense witnesses' willingness to speak to Mr. Weil's counsel, the government blithely replies that since it too "will have to inform potential witnesses who are not government employees of the same consequences," the government – which, unlike Mr. Weil, has the power to compel testimony and to indict or immunize witnesses as it chooses – will be "on even footing [with Mr. Weil] when approaching potential witnesses."

Because the government has not demonstrated good cause to justify the extraordinary relief that it seeks, Mr. Weil respectfully requests that the Court issue a limited protective order that (i) governs the disclosure only of documents that contain sensitive, non-public information, and (ii) incorporates a commonly-used and more measured directive requiring counsel to inform witnesses of the Court's order without requiring counsel also to give a contempt warning.

## I. The Government Has Not Shown Good Cause To Support the Issuance of a Blanket Protective Order

Mr. Weil does not oppose the issuance of a protective order to govern the disclosure of tax returns, customer bank records, grand jury testimony, or non-public internal records of UBS AG (*UBS*).  The government, however, has not demonstrated good cause for subjecting its entire production to a blanket protective order.  *See United States v. Stone*, No. 10-20123, 2012 WL 137746, at *3 (E.D. Mich. Jan. 18, 2012) ("The burden of justifying the protective order rests with the Government . . . Protective orders are the exception, not the rule, and appropriate reasons must be given for their entry."); *see also United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) ("The injury must be shown [by the moving party] with specificity.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (citations and internal quotations omitted).

A significant amount of information and many documents in the government's production are already publicly available: the business has been the subject of investigations by the Department of Justice, the U.S. Senate Permanent Subcommittee on Investigations, the Securities and Exchange Commission, and the Swiss Federal Banking Commission, as well as a John Doe Summons litigation filed by the Internal Revenue Service, a Deferred Prosecution Agreement executed by UBS AG, Swiss Parliamentary reviews, and several highly publicized criminal proceedings.  *See* Declaration of Kimberly Zelnick (***Zelnick Declaration***), Exs. A-N.  The government cannot limit Mr. Weil's ability to use documents and information that are already in the public domain.

The tranches of documents over which the Defense and the government agree a protective order is warranted, moreover, are easily identifiable and contained within clearly delineated Bates ranges.  *See Id.* ¶¶ 8, 9. For the Court to include the discrete populations of documents that do qualify for protection within the scope of its order is thus neither impractical nor unmanageable.  *See* Defendant's Proposed Protective Order, *id.* Ex Q.

Finally, to the extent the government intends to produce additional materials that contain personal financial or tax information or other sensitive materials that relate to an ongoing investigation – including pursuant to the Jencks Act – Mr. Weil does not object to their being included in the scope of a protective order.  Generally speaking, however, investigative reports and witness statements are not presumptively subject to protection, and the government has not articulated a justification for different treatment here.  *See, e.g.*, *United States v. Calderon*, No. CR14–103–CAS, 2014 WL 1401941, at *3, (C.D.

Cal. Apr. 8, 2014) (denying government's application to subject FBI reports and recordings to a protective order because government had not demonstrated good cause).

## II. The Government Has Not Shown Good Cause for Requiring Mr. Weil's Counsel To Issue a Contempt Warning to Prospective Defense Witnesses

As noted above, in addition to seeking a blanket protective order, the government asks that the Court require the Defense to instruct prospective Defense witnesses that they may be subject to a contempt order by this Court if they disclose "any information contained in the government's discovery."  The government has cited no authority to support the far-reaching contempt order that it proposes.[1]  Nor has the government articulated why a standard and more measured instruction that requires counsel to advise witnesses of the existence of a protective order would be insufficient.  Notably, courts have rejected protective orders with similarly chilling provisions because they have recognized that such provisions interfere with the defense's ability to conduct a pre-trial investigation.  *See, e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 176 n.12 (E.D. Pa. 2001) (rejecting a proposed protective order that would require "defendants first to show the proposed protective order to every prospective witness and gain that witness's promise to adhere to it before conducting an interview" in part because it would "chill [the defense's] ability to conduct discovery"); *see also United States v. Carmichael*, 326 F. Supp. 2d 1267, 1297-98 (M.D. Ala. 2004) (recognizing the "importance that investigation plays in the protection of a criminal defendant's fair-trial rights.").

Here many potential witnesses are outside this Court's jurisdiction and cannot be compelled by the Defense to testify.  Mr. Weil's prosecution and the government's

---

[1] The only case that the government cites in its moving papers, a dissenting opinion in *United States. v. Fort*, 472 F.3d 1106 (9th Cir. 2007), does not address the appropriateness of either a blanket protective order or a contempt instruction.

offshore tax compliance initiatives are garnering significant international attention, especially in Switzerland, where many potential witnesses reside.  Since indicting Mr. Weil in 2008, the United States has also charged dozens of Swiss nationals in absentia. *See Offshore Tax Evasion: The Effort to Collect Unpaid Taxes on Billions Hidden in Offshore Accounts*, 113th Cong., 154, 174 (2014).  Against this backdrop, witnesses are understandably fearful that speaking to Mr. Weil's attorneys may place them in the sights of the government's prosecutorial efforts.  Indeed, during the course of preliminary conversations with the Defense, potential witnesses with even a tangential relationship to the events at issue have expressed fear of government prosecution should they assist Mr. Weil with his defense.  *See* Zelnick Declaration ¶ 10.  A contempt warning will only deepen that fear by requiring the Defense to begin any conversation with a potential witness by informing him that, by speaking with the Defense, the witness could be subjecting himself to the jurisdiction of a U.S. court and a possible contempt proceeding. The government's proposed contempt warning is also unnecessarily broad in scope: on its face, it would appear that if the Defense were to show a Defense witness minutes that he himself drafted of a committee meeting he attended ten years ago, that witness could be subject to contempt if he subsequently referred to having attended that meeting or to any other information that happens to appear in the government's production, including information that was not even disclosed to the witness by Mr. Weil's counsel.

     None of the many protective orders reviewed by the Defense from the Southern District of Florida contains a contempt warning, nor did the government provide Mr. Weil with an example of a protective order in a criminal case with a contempt warning, despite the Defense's requests that it do so.  The absence of an applicable precedent

underscores that the government's proposed contempt language is unnecessary and inappropriate.  *Cf. id.* Exs. O, P (protective orders entered by this Court in cases where highly sensitive information was in question and the Court did not require a contempt warning).

      The government's observation that it too would be required to provide a contempt warning to potential witnesses is not, in fact, an equal burden on the prosecution and provides no comfort to Mr. Weil.  Unlike the government, the Defense does not have the power to persuade a witness to testify through the threat of an indictment or the promise of immunity.  Nor has the Defense had the opportunity – as the government has freely exercised over the past several years – to speak without restriction to potential witnesses about matters contained within the government's production.  Requiring the Defense to warn potential witnesses from whom it is trying to collect exculpatory evidence that cooperating with us could expose them to an order holding them in contempt of court would unfairly and unnecessarily chill Mr. Weil's ability to defend himself.

Because the government has failed to show good cause to support the imposition of a blanket protective order incorporating a contempt warning, Mr. Weil respectfully requests that the Court issue a protective order in the form proposed by the Defense.

        Respectfully submitted,

Aaron R. Marcu, *pro hac vice*
Kimberly Zelnick, *pro hac vice*
FRESHFIELDS BRUCKHAUS DERINGER LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212.284.4954
aaron.marcu@freshfields.com
kimberly.zelnick@freshfields.com

David S. Mandel
MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
dmandel@mandel-law.com

By: /s/ *David S. Mandel*_____
David S. Mandel
Florida Bar No. 38040

*Counsel for the Defendant Raoul Weil*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using CM/ECF with the Clerk of the Court and all Counsel of Record on this 9th day of May, 2014.

By: /s/ David S. Mandel_____