UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CR-60322-JIC

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

RAOUL WEIL

       Defendant.

_____/

**REPLY IN SUPPORT OF UNITED STATES' MOTION
FOR PROTECTIVE ORDER REGARDING DISCOVERY**

The United States of America, by undersigned counsel, respectfully submits this reply in support of its Motion for a Protective Order Regarding Discovery (Doc. 38). The dispute before the Court is a narrow one. The issue is not whether a protective order should be entered, but rather what the contours of that order should be (both the United States and the defense have submitted competing proposed orders). With the volume and complexity of sensitive material in this case, all previously non-public material in discovery should be subject to the protective order. And potential witnesses should be made aware of what is undoubtedly the case: that violation of a protective order issued by the Court may be punished by contempt.

      **I.    The Protective Order Should Cover All Non-Public Material**

As part of its discovery obligations, the United States has disclosed to the defense millions of pages of discovery, including information about thousands of former UBS clients that is protected by tax secrecy laws, as well as other information that is highly sensitive but not independently subject to statutory confidentiality. Some material has

1

been made public through other avenues before the present prosecution, but there is no good reason to allow for potentially unfettered disclosure of previously undisclosed material.

The United States has no objection to a modification to its proposed protective order that would clearly state that material already in the public domain (or otherwise lawfully disclosed to a person for another reason), but also part of discovery, is not subject to the restrictions of the protective order.[1]  That makes sense.  But the remainder of the defense's more limited proposed order does not.

The standard here is a simple one: "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  This standard vests substantial discretion with the Court to fashion an appropriate order.  And it is worth noting again that the government is only seeking to prevent the wholesale and unrestricted disclosure to third parties of private and sensitive information—the government is not attempting to delay or preclude the defense's access to discovery, as is often the situation in litigation over protecting orders.  *See, e.g.*, *United States v. Maury*, 695 F.3d 227, 249 (3d Cir. 2012) (noting district court entered protective order delaying disclosure of employee statements in discovery).

The limited nature of the government's request must be considered when the Court decides what would amount to good cause.  The government's proposal in no way impacts Mr. Weil's ability to prepare his defense.  It only prevents the defense—and those additional parties to whom disclosure might be made—from using the sensitive

---

[1] Perhaps the simplest way to accomplish this would be by including paragraph 2 from the defense's proposed order (Exhibit R to Doc. 41), but otherwise keeping the government's proposed order.

material provided as part of criminal discovery for purposes completely unrelated to this case or from otherwise indiscriminately trumpeting the information publicly.

While the relief sought is limited, the non-public material to be protected is quite sensitive. The defense's proposal to only protect specific classes of material runs the real risk of disclosing sensitive information. Some documents, such as corporate records, might be readily identified; other documents, such as investigative reports and memoranda might well refer to information that is sensitive. Discovery materials reveal investigations into individuals who for one reason or another were investigated but ultimately not prosecuted. And the sheer number of third parties whose personal circumstances are part of the discovery material in some fashion makes this case quite unlike a run of the mill tax or fraud prosecution.

Rather than only protect specific materials, the better approach is to have the protective order cover all material that is not already public. That is within the Court's substantial discretion in overseeing discovery.

## II.   The Protective Order Should Include the Contempt Notification

The only other issue in dispute is the defense's opposition to being required to notify prospective witnesses that violation of the protective order could be punished by contempt. But such a provision is appropriate. It is important for individuals exposed to the protected information to understand that the protective order is not a suggestion, but a court order. Not informing prospective witnesses of that fact would be misleading and unfair to them.

Such a requirement is not, as the defense indicates, unprecedented. In fact, the government's proposed order, including the notification provision, is modeled on

protective orders courts have entered in other tax cases.  *See*, *e.g.*, Exhibit 1, ¶ 6 (protective ordered from *United States v. Auffenberg et al.*, Case No. 1:07-cr-47 (D. V.I.)); Exhibit 2, ¶ 1(F) (protective order from *United States v. Francis*, Case No. 2:08-cr-494 (C.D. Cal.)).

The notification would also not have the chilling effect the defense raises.  In particular, the defense argues that the government's efforts regarding offshore banking means that witnesses might fear "that speaking to Mr. Weil's attorneys may place them in the sights of the government's prosecutorial efforts."  Response at 5.  But notification does not require that the defense disclose to the government who they meet with.  It is therefore difficult to see why the notification would make a potential witness worried about the prospect of coming to the government's attention.

The defense also raises the concern that someone might, for instance, find him- or herself facing contempt for publicly referring to a committee meeting which he or she attended, but which was also documented in discovery and shown to the witness.  This concern is readily handled by making it clear that the order does not apply to information gained outside of discovery, as mentioned above.

The defense's concerns are exaggerated or easily handled.  But including the notification, to ensure that prospective witnesses are aware of and abide by the order is important.  A court order is, after all, not a suggestion or a guideline but an enforceable order.  In fairness, potential witnesses should be fully informed about what the protective order means.

For the reasons stated above, the United States respectfully requests that the Court enter its proposed protective order.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    /s/ Mark F. Daly
      Mark F. Daly
      Senior Litigation Counsel
      Tax Division
      U.S. Department of Justice
      Attorney No. A5501435
      601 D Street, N.W. 7th Floor
      Washington, DC 20004
      Tel: (202) 514-5150
      Fax: (202) 616-1786
      Mark.F.Daly@usdoj.gov

      /s/ Jason Poole
      Jason Poole
      Court ID No. A5501525
      Trial Attorney
      Department of Justice, Tax Division
      Southern Criminal Enforcement Section
      601 D Street NW
      Washington, DC 20004
      Tel: (202) 514-5145
      Fax: (202) 514-0961
      jason.h.poole@usdoj.gov

## Certificate of Service

I hereby certify that on May 16, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notice of filing to all counsel of record.

    /s/ Jason Poole
Jason Poole
Court ID No. A5501525
Trial Attorney
Department of Justice, Tax Division
Southern Criminal Enforcement Section
601 D Street NW
Washington, DC 20004
Tel: (202) 514-5145
Fax: (202) 514-0961
jason.h.poole@usdoj.gov