UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-60322-CR-COHN-SELTZER

UNITED STATES OF AMERICA,

        Plaintiff,

VS.

RAOUL WEIL

        Defendant.

_____/

## PROTECTIVE ORDER REGARDING DISCOVERY

1. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, unauthorized disclosure of discovery material and information contained therein to non- litigants is prohibited under the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

    a. All materials provided as discovery (not already in the public domain or otherwise lawfully disclosed to a person for another reason)which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, investigators or agency reports, grand jury transcripts, witness statements, memoranda of interview, audio and video tapes, tax returns, correspondence with the Internal Revenue Service, internal books and records of a witness's business, and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the Department of Justice, Tax Division unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

        i. the completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;

        ii. the conclusion of the sentencing hearing; or

        iii. the earlier resolution of charges against the defendant.

1

b. Such materials provided by the United States may be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

c. Upon written request to the United States, by the defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

d. Such materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendant, persons employed to assist in the defense or prosecution of this matter, potential witnesses, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

e. Such materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter. Certain documents include information private to the government's witnesses and are made available to the defendant only as a result of the above strict guidelines. These documents may include, but are not limited to:

   i. Witnesses and other relevant parties' tax returns and correspondence with the Internal Revenue Service ("IRS");

   ii. Grand jury statements of witnesses;

   iii. Internal books and records of witnesses and other relevant parties and their businesses;

   iv. Statements of witnesses and other relevant parties contained in agents' reports or notes;

   v. Witnesses and other relevant parties' bank records and, possibly, summaries of bank records.

f. Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court.

    g. Before any such disclosure to potential witnesses, defendant's counsel shall personally inform the witness of the provisions of this order and direct him/her not to disclose any information contained in the government's discovery in violation of this order, and shall inform him/her that any unauthorized disclosure may subject him/her to sanctions.

    h. Before such disclosure to any potential witnesses who are not employees of the United States government, counsel for the United States will personally inform the witness of the provisions of this order and direct him/her not to disclose any information contained in the government's discovery in violation of this order, and shall inform him/her that any unauthorized disclosure may subject him/her to sanctions.

    i. The defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

2. Nothing in this order limits use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another order protecting information received from a financial institution regulatory agency.

APPROVED AND SO ORDERED

THIS 20th DAY OF May, 2014.

_/s/ James I. Cohn_
JAMES I. COHN
UNITED STATES DISTRICT JUDGE