# EXHIBIT D



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

*500 East Broward Boulevard, Ste. 700*
*Fort Lauderdale, FL 33394*
*(954) 356-7255*

July 2, 2008

David M. Zornow, Esq.
Skadden, Arps, Slate, Meagher, & Flom LLP
Four Times Square
New York, New York 10036

                Re:    Martin Liechti

Dear Mr. Zornow:

      On the understandings specified below, the United States Attorney's Office for the Southern District of Florida and the Department of Justice, Tax Division (collectively hereinafter "the United States government"), will not criminally prosecute Martin Liechti for any crimes he committed related to his involvement in a tax fraud scheme whereby UBS managers, UBS bankers, United States clients of UBS and others defrauded the United States and other United States government agencies, including the Internal Revenue Service and the Securities Exchange Commission with respect to United States cross-border banking and investment activities (hereinafter "the UBS tax fraud scheme").

      In exchange for these promises, Martin Liechti agrees that should the United States government determine that he willfully violated any of the following conditions, then: (a) Martin Liechti shall thereafter be subject to prosecution for any federal criminal violation of which the United States government has knowledge, including perjury and obstruction of justice, and any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Martin Liechti, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution; and (b) all statements made by Martin Liechti to the United States government or any United States law enforcement agency designated by the United States government, including statements given pursuant to a proffer agreement executed on May 22, May 23, June 2, June 12, and June 18, 2008 and any testimony given by Martin Liechti before a grand jury or other United States tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Martin Liechti.

      This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

1.     Martin Liechti (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which the United States government inquires of him, which information can be used for any purpose; (b) shall cooperate fully with the United States government, the Internal Revenue Service, and any other law enforcement agency designated by this Office; (c) upon reasonable notice shall attend all meetings at which the United States government requests his presence; (d) shall provide to United States government upon request, any document, record, or other tangible evidence in his custody, possession or control relating to matters about which the United States government or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which the United States government may request his testimony; (f) shall bring to the attention of the United States government all crimes as defined by United States law which he may have committed, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and (g) shall commit no crimes as defined by United States law whatsoever. Moreover, any assistance Martin Liechti may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the United States government and designated investigators.

2.     Martin Liechti appoints his attorney, David M. Zornow, as his agent to accept service of legal process, including subpoenas and summonses, in any proceeding instituted by the United States government or to which the United States government is a party with respect to the fraud scheme described above.

3.     Unless and until the United States government decides otherwise, Martin Liechti shall remain in the United States until the United States government obtains from UBS AG or otherwise the compilation of documents assembled by Martin Liechti and his assistant in early 2008 concerning the fraud scheme described above, the existence of which Martin Liechti disclosed to the United States government pursuant to a proffer agreement on June 12, 2008.

4.     Unless and until the United States government decides otherwise, Martin Liechti shall remain in the United States until either (a) UBS AG executes a stipulation satisfactory to the United States government regarding the admissibility of Martin Liechti's affidavit dated July 2, 2008 in any proceeding the United States government institutes against UBS AG to which the United States government or any United States government agency is a party with UBS AG, or (b) until the United States government secures Martin Liechti's testimony in a deposition so ordered by a district court judge pursuant to Rule 15 of the Federal Rules of Criminal Procedure and to which UBS AG is a party.

5.     Martin Liechti shall provide to the United States government the names and identification information of UBS AG United States clients who had or have undeclared accounts with UBS AG. Martin Liechti shall remain in the United States until he has provided this information to the United States government.

6. Should Martin Liechti commit any crimes as defined by United States law subsequent to the date of signing of this Agreement, or should it be determined that he has intentionally given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Martin Liechti shall thereafter be subject to prosecution for any federal criminal violation of which the United States government has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Martin Liechti, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. If the United States government determines that Martin Liechti has committed any crime as defined by United States law after signing this Agreement or has intentionally given false, incomplete, or misleading testimony or information, or has otherwise violated any provision of this Agreement, (a) all statements made by Martin Liechti to the United States government or any United States law enforcement agency designated by the United States government, including statements given pursuant to a proffer agreement executed on May 22, May 23, June 2, June 12, and June 18, 2008 and any testimony given by Martin Liechti before a grand jury or other United States tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any United States criminal proceeding brought against Martin Liechti; and (b) Martin Liechti shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

8. This Agreement does not bind any state or local prosecuting authority. The United States government will, however, bring the cooperation of Martin Liechti to the attention of other prosecuting offices and any other foreign or domestic agency, if requested by Martin Liechti.

3

9.   With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between the United States government and Martin Liechti. No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Very truly yours,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: *[signature]*

KEVIN M. DOWNING
SENIOR TRIAL ATTORNEY
MICHAEL P. BEN'ARY
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION
JEFFREY A. NEIMAN
ASSISTANT U.S. ATTORNEY

I have read this letter and have discussed it fully with my attorney. I understand and agree to the terms set forth in this letter. This letter fully and accurately sets forth my agreement with the Office of the United States Attorney for the Southern District of Florida and the Department of Justice, Tax Division. There have been no additional promises or representations made to me by any officials or law enforcement authorities of the United States in connection with this matter. I have signed this agreement knowingly, intelligently, freely and voluntarily because I believe it is in my best interest to do so.

*[signature]*
MARTIN LIECHTI

I represent Martin Liechti as his legal counsel. I have discussed this letter with my client, and to the best of my knowledge, he understands this letter and agrees to the terms set forth therein.

*[signature]*
DAVID M. ZORNOW, ESQ.

4