UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60322-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAOUL WEIL,

    Defendant.

_____/

### RAOUL WEIL'S MOTION TO COMPEL PRODUCTION OF THE GOVERNMENT'S WITNESS AND EXHIBIT LISTS

Defendant Raoul Weil respectfully requests an order compelling the Government to produce lists of the witnesses whom it intends to call and the exhibits that it intends to introduce at trial by no later than 60 days in advance of Mr. Weil's October 14 trial date.

### BACKGROUND

The Government alleges that Mr. Weil participated in a massive and complex conspiracy that started more than a decade ago, spanned over six years, occurred almost entirely outside of the United States, and involved tens of thousands of co-conspirators. Further, in response to its discovery obligations, the Government has produced over four-million pages of documents to the Defense, much of which lacks standard metadata fields that would make its review manageable. *See* Decl. of Aaron R. Marcu in Supp. of Def.'s Mot. To Comp. the Gov't to Prod. *Brady* and *Giglio* Material and a Bill of Particulars ¶ 13 (Dkt. No. 47-1).

Although the Defense has been diligently reviewing the Government's productions and made numerous trips abroad to speak to witnesses, the sheer volume of discovery and

practical difficulties associated with attempting to follow up on leads located thousands of miles away has made it extremely difficult for the Defense to prepare for trial.  Decl. of Aaron R. Marcu ¶ 5.

In order to narrow the potential issues in the case and facilitate the orderly conduct of trial, the Defense respectfully requests that the Court order the Government to promptly produce its witness and exhibit lists.

**ARGUMENT**

**The Government Should Promptly Provide Mr. Weil with a List of the Witnesses It Intends To Call and the Exhibits It Intends To Use at Trial.**

Given the volume of discovery and complexity of the issues in Mr. Weil's case, the Court should exercise its discretion to direct the Government to disclose lists of its anticipated trial witnesses and exhibits.  *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure – Criminal* § 258 (4th ed. 2014) ("It is well established . . . that the court may order the Government to disclose the names of the witnesses it intends to call if the court chooses to do so."); *see also United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir. 1971) (holding that it is within the trial court's discretion to order the production of a witness list); *United States v. Vilar*, 530 F. Supp. 2d 616, 637 (S.D.N.Y. 2008) ("it is within a district court's authority to direct the Government to identify [prior to trial] the documents it intends to rely on in its case in chief") (internal citation omitted).

Numerous factors weigh in favor of such an order.  The pool of potential individuals from which the Government may draw its witnesses numbers in the thousands, a fact confirmed by the Government's list of alleged co-conspirators, the final entry of which refers to thousands of unnamed UBS accountholders.  *See United States v. Rosenthal*, No. 91-CR-412, 1991 WL 267767, at *4-5 (S.D.N.Y. Dec. 3, 1991) (ordering

2

the disclosure of a witness list in part because the pool of potential witnesses was large); *United States v. Savin*, No. 00-CR-45, 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001) (same).

In addition, the Government produced millions of pages of discovery, virtually unsearchable and devoid of metadata. In order to fulfil its obligation diligently to prepare for trial, the Defense is continuing to examine every document produced by the Government, even though, months after producing it, the Government has chosen to describe most of the discovery as "ancillary." Without an advance list of the Government's intended witnesses and exhibits, however, the Defense will be largely left to sift through this trove of material and simply guess at which witnesses the Government intends to call and which exhibits it intends to introduce. *See United States v. W.R. Grace*, 526 F.3d 499, 513-14 (9th Cir. 2008) (upholding district court's decision to order the Government to produce a witness list in part because of the millions of pages of discovery produced); *Vilar*, 530 F. Supp. 2d at 637 (ordering disclosure of witness list – due in part to the large volume of documents produced – where witness's testimony would relate to those documents);[1] *United States v. Chalmers*, 474 F. Supp. 2d 555, 573 (S.D.N.Y. 2007) ("[G]iven the large volume of documents produced by the Government thus far, a significant portion of which are in [a foreign language]… defendants' requests for pre-trial disclosure [of exhibit lists] are reasonable."). And while the Government has had access to all the key documents in this case for more than five years, the Defense will have only a number of months to review the four-million-plus pages of material, locate, interview and enlist Defense witnesses to testify, and seek out admissible documents to support its case.

---

[1] Pre-trial disclosure of DOJ's witness list would not result in any potential risk to witnesses; DOJ has never claimed that it would. *See United States v. Stroop*, 121 F.R.D. 269, 275-76 (E.D.N.C. 1988) (ordering the production of a witness list and noting the critical importance to the defense of pre-trial investigation of potential Government witnesses and the lack of any potential risk to witnesses).

Courts faced with far less compelling circumstances than those presented here regularly order the production of witness and exhibit lists in advance of trial. *See, e.g.*, Ex. A, Marcu Decl., Order on Status Conference, *United States v. Cabeza*, No. 10-CR-20790 (S.D. Fla. Apr. 22, 2010), (Dkt. No. 179) & Tr. of Status Conference at 12 & 18-21, (ordering production of exhibit list 60 days prior to trial in case involving extensive production of electronic and hard-copy documents); Ex. B, Marcu Decl., Order Granting Defs.' Mot. for Continuance, *United States v. Steinger*, No. 08-CR-21158 (S.D. Fla. May 11, 2009) (Dkt. No. 148) (ordering Government to produce exhibit list one year prior to trial in investment fraud case); *see also W.R. Grace*, 526 F.3d at 499 (upholding district court's order requiring Government to produce witness lists approximately one year prior to trial); *Vilar*, 530 F.Supp. 2d at 616 (ordering Government to produce witness lists 60 days prior to trial).

In these circumstances, there is nothing that would prevent the Government from providing lists of its intended witnesses and exhibits prior to trial. Pre-trial disclosure of this information is critical to Mr. Weil's ability to respond meaningfully to the Government's case. All of the key documents and witnesses are located overseas. Unless disclosure is made in advance of trial, the Defense will have no real opportunity to investigate the materials that the Government intends to introduce at trial or the involvement of the witnesses whom it intends to call. This process involves studying the lists of witnesses and exhibits, searching for and interviewing other witnesses or documents that either confirm or dispute points that the Government's witnesses are likely to make or that are reflected in the Government's exhibits, enlisting witnesses to testify for the Defense and then preparing them and arranging for them to travel to the United States

4

from a foreign country, as well as seeking admissible documents to offer at trial on relevant points. These tasks are immeasurably more time-consuming and logistically complicated when virtually all of the witnesses and documents are overseas and largely in a country where confidentiality attracts significant legal protection.

If late in the game we learn critical information that requires follow-up in Switzerland or elsewhere overseas without adequate time to travel and coordinate across time zones and long distances, we will be physically unable to mount the defense to which Mr. Weil is entitled. The result will be either to request an adjournment during trial so that we can prepare our defense or likely an incomplete and inadequate defense. We submit that neither should be acceptable to the Court. And it does not need to be.

In order to protect Mr. Weil's right to a fair trial, and facilitate the orderly conduct of the trial in this case, we respectfully ask that the Government be required promptly to produce its witness and exhibit lists.

## CONCLUSION

For the foregoing reasons, Mr. Weil respectfully requests an order compelling the Government to produce a list of the witnesses whom it intends to call and a list of the exhibits that it intends to introduce at trial by no later than 60 days in advance of Mr. Weil's October 14 trial date.

> Respectfully submitted,
> 
> Aaron R. Marcu, *pro hac vice*
> Kimberly Zelnick, *pro hac vice*
> FRESHFIELDS BRUCKHAUS DERINGER LLP
> 601 Lexington Avenue
> New York, NY 10022
> Telephone: 212.284.4954
> Fax: 646.521.5754

        aaron.marcu@freshfields.com
        kimberly.zelnick@freshfields.com

        Matthew Menchel
        Adriana Riviere-Badell (30572)
        KOBRE & KIM LLP
        2 South Biscayne Boulevard
        35th Floor
        Miami, FL 33131
        Telephone: 305.967.6100
        Fax: 305.967.6120
        matthew.menchel@kobrekim.com
        adriana.riviere-badell@kobrekim.com


By: /s/ Matthew Menchel
        Matthew Menchel
        Florida Bar No. 12043

*Counsel for the Defendant Raoul Weil*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served on all counsel of record identified on the list below via transmission of Notices of Electronic Filing generated by CM/ECF.

Mark F. Daly
US Department of Justice
Tax Division
601 D Street NW
Room 7334
Washington, DC 20579
Telephone: 202.616.2245
mark.f.daly@usdoj.gov

Jason Poole
US Attorney's Office
Department of Justice, Tax Division
601 D. Street NW
Washington, DC 20004
jason.h.poole@usdoj.gov

By: /s/ Matthew Menchel