UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CR-60322

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAOUL WEIL,

        Defendant
_____/

**DEFENDANT'S MOTION TO MODIFY
THE CONDITIONS OF PRETRIAL RELEASE**

Defendant Raoul Weil respectfully asks the Court for a modest modification to the terms of his pretrial release, namely, increasing his "time-outs" from home confinement from the current three two-hour time-outs per week to four four-hour time-outs per week. The Government has advised the Defense that it opposes Mr. Weil's request because the modification is opposed by the Florida Probation Office; Florida Probation has in turn advised the Defense that it opposes Mr. Weil's request because the Government does.

New Jersey Pre-Trial Services – which has had sole responsibility for monitoring Mr. Weil in the seven months since he was released to home confinement in New Jersey on December 18, 2013 – has confirmed that Mr. Weil has fully complied with the terms of his release; that there have been no issues, scheduling or otherwise, since this Court modified the conditions of Mr. Weil's release three months ago on April 24, 2014, to

permit him three two-hour time-outs per week; and that the modest modification now proposed by the Defense to increase slightly the duration and frequency of the time-outs would not impose any additional burden on Pre-Trial Services.  The Defense submits that the conditions of Mr. Weil's release, modestly modified to permit him some additional time out of the house for exercise and other local activities, would continue reasonably to assure his attendance in court when required.

## BACKGROUND

On December 16, 2014, this Court released Mr. Weil on (i) a $9 million personal surety bond co-signed by his wife, Susanne Lerch Weil, secured by a $4 million cash deposit; (ii) a $1 million corporate surety bond; and (iii) a $500,000 personal surety bond, co-signed by friends of Mr. Weil with whom he currently resides.  As additional conditions of bond, the Court ordered that Mr. Weil participate in the Home Confinement Program, subject to home detention and electronic monitoring except for court appearances, medical needs, and attorney visits.  The Court also ordered Mr. Weil to surrender his passport to Pretrial Services in the Southern District of Florida, which he promptly did.

On April 24, 2014, after four months of unerring compliance by Mr. Weil with the conditions imposed by this Court, the Court granted Mr. Weil's unopposed motion to modify the conditions of pretrial release to permit him three two-hour time-outs per week. (DE 40)

About six weeks ago, once Mr. Weil had established a track record of fully complying with the time-outs and other conditions of his home confinement, we began

the process of contacting the U.S. Probation Office for the District of New Jersey, the U.S. Probation Office for the Southern District of Florida, and the Government for their respective views as to whether a further modest relaxation of pretrial release would be acceptable.  Mr. Weil's supervising Probation Officer in the District of New Jersey – who has regular contact with Mr. Weil– confirmed that Mr. Weil had remained in complete compliance with the terms of his release, but stated that, because the District of New Jersey was supervising Mr. Weil only as a courtesy to the Southern District of Florida, she could not provide an official position on Mr. Weil's motion.  The assigned U.S. Probation Officer for the Southern District of Florida – who has not been in personal contact with Mr. Weil – stated that he would oppose Mr. Weil's motion based on discussions he had several months ago with the Government, prior to Mr. Weil's first motion to modify the conditions of his release.  The Defense asked the Florida Probation Officer whether he believed Mr. Weil posed a flight risk and, if so, why, so that Mr. Weil might have the opportunity to assuage his concerns, but the Florida Officer did not reply.

A few weeks later, the Government advised the Defense that it would oppose Mr. Weil's request for a modification, based on the Florida Probation Office's opposition.[1]  Last week, Mr. Weil's supervising Officer in the District of New Jersey again confirmed that Mr. Weil remains in full compliance with the terms of his home confinement and that

---

[1] Mr. Weil's assigned Florida Officer, Donald Lesmeister, is currently on medical leave.  Officer Yolande LeFrance, who is responsible for Mr. Weil's case during Officer Lesmeister's absence, informed the Defense on July 25, 2014 that Officer Lesmeister instructed her to oppose any motion by Mr. Weil, but had not explained why.  On July 14, 2014, in explaining why it would oppose this motion by Mr. Weil, the Government reported that it had had a similar conversation with Officer LeFrance.

she had several times communicated his compliance to the Probation Office for the Southern District of Florida.

## ARGUMENT

The law does not favor pre-trial detention or confinement. The relevant question when considering the conditions of a defendant's release on bail is whether the "combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Moreover, in this district, courts similarly have granted pretrial release on conditions to white-collar defendants who were not U.S. citizens or residents. *See, e.g.*, Order Setting Conditions of Pretrial Release, *United States v. Ogiermann*, No. 10 Cr. 80157 (S.D. Fla. Jan. 26, 2011) (granting bail to two Luxembourg citizens and residents charged with participating in a price-fixing conspiracy). Indeed, courts in this district granted less restrictive conditions of bail to three Swiss-based defendants and former UBS AG private bankers who were charged with playing roles in the same tax evasion conspiracy in which Mr. Weil is alleged to have participated. *See, e.g.*, Order on Government's Appeal, *United States v. Bagios*, No. 11-mj-06030 (S.D. Fla. March 23, 2011) (Swiss resident, imposing travel restrictions and GPS monitoring, but only curfew from 11p.m.-7 a.m.); Order on Initial Appearance, *United States v. Gadola*, No. 10-cr-20878 (S.D. Fla. Nov. 9, 2010) (Swiss citizen and resident; imposing bond and travel restrictions, but no electronic monitoring); Order on Initial Appearance, *United States v. Birkenfeld*, No. 08-cr- 60099 (S.D. Fla. May 14, 2008) (Swiss resident; imposing bond and electronic monitoring, but only limited travel restrictions).

Mr. Weil has demonstrated consistently and over an extended period that he will comply with the conditions of release imposed by the Court.  On April 24, the Court modestly relaxed those conditions to permit Mr. Weil three two-hour time-outs per week, and he has continued to adhere religiously to the Court's conditions, including by notifying his Pretrial Services Officer in New Jersey prior to each court-authorized legal, medical or religious visit and prior to taking his three two-hour time-outs per week.  He has done nothing to suggest in any way since he first was released in December 2013 that he poses a risk of flight, and the Defense respectfully submits that the modicum of additional liberty we now seek for Mr. Weil will not undermine in the slightest the reasonable assurance that he will appear in court as required.  Again, in similar cases, courts in this district, and the Government itself, have recognized that it is appropriate to relax conditions of bail upon a showing of a track record of compliance.  *See, e.g.*, *United States v. Bagios*, No. 11-mj-06030 (S.D. Fla. March 26, 2012) (granting unopposed motion to modify bail conditions to remove ankle bracelet monitoring where track record of compliance shown).

Mr. Weil seeks only to increase slightly the duration and frequency of his "time-outs" from three two-hour time-outs per week to four four-hour time-outs per week, i.e.,: ten additional hours per week, spread across four days.  Mr. Weil will continue to be on home confinement, he will continue to have a substantial portion of his net worth and that of his wife posted to assure his appearance when required, and his passport will continue to be in the Court's possession.  He will also continue to give Pre-Trial Services advance notice before taking time-outs, and, perhaps most compelling, Mr. Weil will continue to wear an ankle bracelet and will remain under active GPS monitoring.  In light of Mr.

Weil's perfect record of compliance to date, modifying his conditions of release to allow him an additional ten hours per week of fully monitored time to run errands, jog, and otherwise enable him a modest amount of additional time outside the home to which he is otherwise confined, will continue reasonably to assure his appearance when required.

## CONCLUSION

Wherefore, it is respectfully requested that the Court modify the conditions of Mr. Weil's release to permit Mr. Weil four four-hour time-outs from home confinement each week.

        Respectfully submitted,

        Aaron R. Marcu, *pro hac vice*
        Kimberly Zelnick, *pro hac vice*
        FRESHFIELDS BRUCKHAUS DERINGER LLP
        601 Lexington Avenue
        New York, NY 10022
        Telephone: 212.284.4954
        aaron.marcu@freshfields.com
        kimberly.zelnick@freshfields.com

        Matthew Menchel
        Adriana Riviere-Badell (30572)
        KOBRE & KIM LLP
        2 South Biscayne Boulevard, 35th Floor
        Miami, FL 33131
        Telephone: 305.967.6100
        Fax: 305.967.6120
        matthew.menchel@kobrekim.com
        adriana.riviere-badell@kobrekim.com

By: /s/ Matthew Menchel
        Matthew Menchel
        Florida Bar No. 12043

        *Counsel for the Defendant Raoul Weil*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I further certify that the foregoing document is being served on all counsel of record identified on the list below via transmission of Notices of Electronic Filing generated by CM/ECF.


Mark F. Daly
US Department of Justice
Tax Division
601 D Street NW
Room 7334
Washington, DC 20579
Telephone: 202.616.2245
mark.f.daly@usdoj.gov

Jason Poole
US Attorney's Office
Department of Justice, Tax Division
601 D. Street NW
Washington, DC 20004
jason.h.poole@usdoj.gov

By: /s/ Matthew Menchel