UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CR-60322-JIC

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAOUL WEIL,

        Defendant.

_____/

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
IRRELEVANT EVIDENCE AND ARGUMENT OF SELECTIVE OR VINDICTIVE
PROSECUTION, JURY NULLIFICATION, AND SIMILAR MATTERS**

The United States of America, by its undersigned counsel, respectfully moves the Court *in limine* to preclude the defense from presenting any evidence or argument to the jury regarding a claim of a vindictive or selective prosecution, to urge jury nullification, or for similar irrelevant reasons. Throughout this case, the defense has claimed that Raoul Weil is being unfairly prosecuted. An earlier discovery motion and other statements by the defense indicate that they might seek to improperly influence the jury by presenting evidence or argument to the jury about the United States' decision to prosecute and about conclusions the Swiss Federal Banking Commission ("EBK") reached regarding the conduct of UBS and its employees. Any such evidence or argument would be irrelevant and should be excluded from trial.[1]

**I.     INTRODUCTION**

Weil, a high-ranking executive at UBS AG, Switzerland's largest bank, was indicted for conspiring to defraud the United States on November 6, 2008. On January 12, 2009, he was

---

[1] The United States has asked defense whether they intended to introduce such evidence at trial and defense confirmed that they intend to introduce, or may seek to introduce, such evidence.

declared a fugitive and remained at large for several years before being arrested in Bologna, Italy, and eventually agreed to be extradited to the United States.

The indictment stemmed from the government's ongoing investigation of UBS's U.S. cross-border banking business. In the defense's view, however, the indictment was not a legitimate effort to hold individuals accountable for the crimes uncovered at UBS, but rather "was triggered by the position taken by the Swiss government," which did not want UBS to disclose information on U.S. customers outside of the treaty process. Raoul Weil's Motion for Rule 16 Discovery at 3 (D.E. 61) ("Mtn."). The defense contends that the indictment was, in essence, a political maneuver to pressure the Swiss government into capitulating. *See id.* at 2-4. This hypothesis seems largely based on Weil's indictment coming during the midst of the long-running negotiations among the government, UBS, and Swiss officials. *See id.*

The defense laid this theory out in its earlier motion seeking disclosure of the so-called "Merz Letter," a letter from former Swiss Finance Minister Hans-Rudolf Merz to then-Attorney General Michael Mukasey and former Treasury Secretary Henry Paulson regarding the UBS investigation (the letter was dated November 10, 2008—several days after Weil had already been indicted). The United States agreed to provide the letter, noting, however, that it did "not concede that the letter was discoverable or in any way relevant to this proceeding." Response to Raoul Weil's Motion for Rule 16 Discovery at 1 (D.E. 77).

While the government did agree to produce the letter for discovery purposes, the defense's arguments in support of disclosure revealed that the defense apparently takes the incorrect view that the Merz Letter and, more broadly, the decision to prosecute Weil, are relevant to a trial on the merits. In its motion, the defense made it clear that "it is the theory of the Defense that DOJ's desire to obtain UBS's U.S. customer records drove DOJ to pressure

lower-level executives of UBS . . . to implicate senior executives like Mr. Weil in their own misconduct." Mtn. at 5.  The defense further claimed that the government "cut short its investigation" and prematurely indicted Weil.  *Id.*  Finally, the defense theorized that the Merz Letter and the supposed political and tactical motive behind Weil's indictment would help "explain how the Swiss Federal Banking Commission ("EBK") and DOJ could reach diametrically different views concerning Mr. Weil's involvement in the misconduct at UBS's U.S. cross-border business." *Id.* at 6.

This motion, as well as other more informal comments by the defense about the unfairness of the prosecution of Weil, and additional recent discovery requests about the government's decision to indict, all indicate that the defense may seek to inject these irrelevant issues into the trial itself.  But as courts have consistently held, such matters are irrelevant to a defendant's guilt or innocence and should be excluded from trial.

**II.     ARGUMENT**

The government respectfully moves the Court to preclude the defendant from presenting evidence or argument regarding the government's decision to investigate and prosecute Weil, which are essentially claims about selective prosecution, vindictive prosecution, jury nullification, and similarly irrelevant issues for trial.  This exclusion should also cover the negotiations among the United States, UBS, and Switzerland regarding the disclosure of UBS clients and the resolution of the UBS investigation, as well as the Merz Letter and the EBK's report and conclusions about the knowledge of senior management at UBS.

> A. <u>The Law is Clear that Evidence or Argument Regarding Supposed Vindictive or Selective Prosecution, or Urging Nullification, Should Not Be Submitted to the Jury</u>.

It is well-established that the Department of Justice has broad discretion to enforce our nation's criminal laws. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). The decision to prosecute and what charges to file generally rests in the prosecutor's discretion. *See id*. As the Supreme Court has stated, courts cannot infer an abuse of prosecutorial discretion absent "exceptionally clear proof" to the contrary. *McCleksye v. Kemp*, 481 U.S. 279, 297 (1987); *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

A claim of vindictive or selective prosecution would be meritless here, but more importantly for this point, evidence in support of such arguments is irrelevant to the merits of the case, and is not admissible at trial. *See Armstrong*, 517 U.S. at 463; *United States v. Smith*, 231 F.3d 800, 808 (11th Cir. 2000). As the Supreme Court has explained, "a selective prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *Armstrong*, 517 U.S. at 463. Courts have repeatedly held that selective or vindictive prosecution claims, where they lie, should be decided by the court prior to trial, and should not be submitted to the jury. *See, e.g., United States v. Clay*, 618 F.3d 946 (8th Cir. 2010) (holding that claim of vindictive or selective prosecution was not a matter for the jury); *United States v. Abboud,* 438 F.3d 554, 579 (6th Cir. 2006) (approving of district court's grant of government's motion in limine because selective prosecution is matter independent of defendant's guilt or innocence, and thus not appropriate jury question).

Theories such as the ones articulated by the defense also tend to bleed over into what is essentially the realm of jury nullification claims: that a jury should render a verdict for reasons

unrelated to guilt or innocence.  Such claims are equally inappropriate for the jury.  For example, in *United States v. Funches*, 135 F.3d 1405 (11th Cir. 1998), the defense sought to argue that the defendant had been told by a corrections employee that his civil rights were restored when he left prison and that therefore the defendant believed he was not prohibited from possessing a firearm.  But this entrapment-by-estoppel defense was legally irrelevant to the charge.  *See id.* at 1407.  The Eleventh Circuit ruled that the defense was really an effort to inspire the jury to nullify and that though the defense may well have encouraged the jury to acquit, it was legally irrelevant and properly excluded.  *See id.* at 1409.   Other courts have routinely also held that such jury nullification defenses or arguments are inadmissible.  *See, e.g., United States v. Muse,* 83 F.3d 672, 677 (4th Cir. 1996); *United States v. Gorham*, 523 F.2d 1088, 1097–98 (D.C. Cir. 1975); *United States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind. 1989) (granting motion in limine to exclude any evidence or argument on the subject of jury nullification), *aff'd*, 939 F.2d 499 (7th Cir. 1991).

      B.      <u>Several Theories, and Supporting Evidence, Offered by the Defense Should be Excluded</u>.

As a general matter, evidence going towards a theory of selective or vindictive prosecution, or jury nullification, should be excluded from trial.  More specifically, there are several theories the defense has previously advanced that fall squarely within this prohibition.  The defense put forth some reasons about why these theories are appropriate, but at bottom the theories are really claims that Weil is being unfairly prosecuted.  To the extent there is some independent purpose behind them, they are based, however, on similarly inadmissible theories.

The defense's idea that "DOJ's desire to obtain . . . customer records" led to pressuring Martin Liechti and others to implicate Weil, Mtn. at 5, is really an attempt to backdoor an inadmissible claim of selective or vindictive prosecution.  Getting into the supposed motive

5

behind the government's questioning of various witnesses is just a disguised effort to put the government's decision to charge on trial.

Moreover, even taking the defense's theory on its face, this purported line of questioning is irrelevant and likely to confuse or unfairly prejudice the jury.  Why the government questioned Liechti and others has no bearing on whether or not the witnesses were pressured into fabricating or embellishing a story about Weil.  The defense is certainly free to explore with Liechti whether he was "pressured," or how being detained at a hotel room in Florida might have influenced his statements, but the motives for that questioning will not help the jury resolve any relevant issue.  The questions asked by the government, the circumstances under which he was questioned, and how Liechti handled the situation are relevant factors to the defense's notion that Liechti was coerced into falsely accusing Weil.  But the decisions behind those factors do not change the facts on the ground one bit.  The defense has maintained that "jurors might struggle to understand the Government's motives in pressuring Mr. Liechti," but the jurors do not need to understand the motives of this alleged pressuring to fully cross-examine Liechti.  *See Abboud*, 438 F.3d at 580 (noting, in upholding motion to exclude selective prosecution evidence, that this was "a separate and distinct claim" and not part of inquiring into a witness's bias, motive, or prejudice).  That is simply not a relevant fact for jurors to consider.

Even if there were some marginal relevance into delving into the motives of prosecutorial decision-making, that value would be substantially outweighed by the dangers of confusion and unfair prejudice and hence should be excluded under Federal Rule of Evidence 403.  It would open up a pointless sideshow about whether the indictment was a good idea or not.

Nor is such evidence needed to support the defense's claim that it explains that the government jumped the gun in indicting Weil.  *See* Mtn. at 5.  The relevant question is whether

11939415.1

or not the evidence at trial proves Weil's guilt beyond a reasonable doubt. The case cited by the defense in support of this theory being admissible is far off point. In *United States v. Crosby*, 75 F.3d 1343, 1347 (9th Cir. 1996), the Ninth Circuit ruled that the district court improperly excluded evidence that someone else may have committed the crime. That is not the case here and there is no relevant purpose to probe the government's motives about how long it opts to investigate before indicting.

Finally, it also does not matter whether EBK and DOJ reached different conclusions about Weil's culpability. There is no need to explain the difference because the EBK's conclusion about Weil's guilt or innocence—or the conclusion of anyone else—is inadmissible and would invade the province of the jury. It is for the jury to decide whether the government proves its case. Whether others hold other opinions is irrelevant.

### III.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion in limine.

Respectfully submitted,

TAMARA ASHFORD
ACTING ASSISTANT ATTORNEY GENERAL

By:     /s/ Mark F. Daly
        Mark F. Daly
        Senior Litigation Counsel
        Tax Division
        U.S. Department of Justice
        Attorney No. A5501435
        601 D Street, N.W. 7th Floor
        Washington, DC 20004
        Tel: (202) 514-5150
        Fax: (202) 616-1786
        Mark.F.Daly@usdoj.gov

          /s/ Jason Poole
Jason Poole
Court ID No. A5501525
Trial Attorney
Department of Justice, Tax Division
Southern Criminal Enforcement Section
601 D Street NW
Washington, DC 20004
Tel: (202) 514-5145
Fax: (202) 514-0961
jason.h.poole@usdoj.gov

11939415.1

## Certificate of Service

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notice of filing to all counsel of record.

    /s/ Jason Poole
Jason Poole
Court ID No. A5501525
Trial Attorney
Department of Justice, Tax Division
Southern Criminal Enforcement Section
601 D Street NW
Washington, DC 20004
Tel: (202) 514-5145
Fax: (202) 514-0961
jason.h.poole@usdoj.gov